IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FREDERICK TRACEWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-CV-45-JED-PJC ) ) |
| STEVEN SILVER; GLEN McCLINTOCK; CITY OF BARTLESVILLE, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

**Plaintiff's Allegations**

The plaintiff, Frederick Tracewell, asserts claims under 42 U.S.C. § 1983 and Article 2, § 30 of the Oklahoma Constitution. He alleges that, on September 18, 2013, City of Bartlesville police officers Steven Silver and Glen McClintock used unconstitutionally excessive force during an arrest by body slamming him to the ground, punching him on his face and torso, firing a Taser, and using a Taser to bludgeon his head. (Doc. 2).

**Plaintiff's Prior Action**

On September 18, 2015, the two-year anniversary of his arrest, Tracewell, acting pro se, initiated Case No. 15-CV-535-GKF (the 2015 action), in which he asserted excessive force claims under § 1983. Although his Complaint in the 2015 action included a description of actions by Officers Silver and McClintock as the basis for his claims, the caption of his suit identified a single defendant: The City of Bartlesville. (*See* Doc. 7-1 at 1). Judge Frizzell granted Tracewell in forma pauperis status and directed him to pay an initial partial filing fee of $4.83 by November 27, 2015, or to show cause for failure to do so. (*See* Doc. 6-1). Tracewell was also directed to complete a Process Receipt and Return Form USM-285 for the City of Bartlesville by November 12, 2015.

Tracewell subsequently requested an extension of time to return the form and also sought leave to file an amended complaint, both of which Judge Frizzell granted with time limitations. (*See id.*). Tracewell failed to comply with the deadlines in the court orders, and on January 22, 2016, Judge Frizzell accordingly dismissed Tracewell's 2015 action without prejudice. (*Id.*).

**The Filing of this Case**

Tracewell initiated the instance case on February 2, 2016, eleven days after Judge Frizzell's dismissal of the 2015 action without prejudice. (Doc. 2). Unlike the caption of his Complaint in the 2015 action, Tracewell's Complaint in this case expressly includes Officers Silver and McClintock as defendants in the caption. (*Id.*). As before, Tracewell again names the City of Bartlesville as a defendant. All defendants move for dismissal. (Doc. 5, 6).

**The Officers' Motion to Dismiss**

Officers Silver and McClintock assert that plaintiff's claims are barred by the two-year statute of limitations applicable to Oklahoma suits under 42 U.S.C. § 1983 and to any action against the officers under the Oklahoma Constitution. (*See* Doc. 6).[1] The officers argue that the Oklahoma savings statute, *Okla. Stat.* tit. 12, § 100, does not apply to Tracewell's claims against the officers, because they were not previously named as defendants in the caption of the 2015 action.[2] In response, Tracewell notes that he was previously acting pro se, such that his Complaint

---

[1] "Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal citation omitted). Tracewell's § 1983 claims are thus governed by a two-year statute of limitations, which is the period governing personal injury claims under Oklahoma law. *See Okla. Stat.* tit. 12, § 95(A)(3); *Bedford v. Rivers*, 176 F.3d 488 (10th Cir. 1999); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005); *Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988).

[2] In relevant part, the statute provides that, "[i]f any action is commenced within due time, and . . . the plaintiff fail[s] in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the . . . failure although the time limit for commencing the action shall have expired before the new action is filed." *Okla. Stat.* tit. 12, § 100.

in the 2015 action must be liberally construed to include the officers as defendants, because that Complaint named them and described their conduct as the basis for Tracewell's § 1983 claims. Tracewell thus argues that his claims against Silver and McClintock in the instant action are timely under the Oklahoma savings statute, because this action was filed within the one year savings period.[3]

As noted, Tracewell's Complaint in the 2015 action included specific references to the individual officers' actions and names, but he listed only the City of Bartlesville as a defendant in the caption. (*See* Doc. 6-1, 7-1). Officers Silver and McClintock correctly note that federal law requires that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties. . . ." Fed R. Civ. P. 10(a). Notwithstanding the clear requirement of Fed. R. Civ. P. 10(a) to "name all the parties" in the caption of the complaint, the Tenth Circuit has held that "a party not properly named in the caption of a complaint may still be properly before the court if the allegations in the body of the complaint make it plain the party is intended as a defendant. . . ." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).

In a case involving somewhat similar procedural facts as are presented here, the Tenth Circuit cited *Mitchell* and reversed a district court's dismissal of claims against individuals who were not listed as defendants in the complaint's caption. *See Williams v. City of Guthrie, Okla.*, 109 F. App'x 283 (10th Cir. 2004) (unpublished).[4] In *Williams*, the plaintiff asserted claims under § 1983 against numerous individuals and entities in relation to arrests. A magistrate judge

---

[3]   The Oklahoma savings statute applies to § 1983 claims. *See, e.g., Eastom v. City of Tulsa*, 783 F.3d 1181, 1184 (10th Cir. 2015) (citing cases).

[4]   In accordance with Fed. R. App. P. 32.1 and Tenth Circuit Rule 32.1(A), the citation of unpublished decisions herein is for their persuasive value.

recommended dismissal of certain arrest claims as time-barred under the Oklahoma two-year statute of limitations. *Id.* at 285-286. The plaintiff filed objections to the magistrate's recommendation, arguing that one of the arrests "should not be barred by the statute of limitations because Oklahoma's savings statute . . . applied and saved his claims." *Id.* at 286. The plaintiff had previously filed an action that was dismissed for reasons unrelated to the merits, and he had filed the new action within one year of the prior dismissal. The district court agreed that the savings statute would apply to save the claims against parties named in the caption of the prior suit, but ruled that it did not apply to save the claims against two defendants who were not identified in the caption of the prior complaint. *Id.* The Tenth Circuit reversed the dismissal of those two defendants, reasoning in part that, although the two defendants "were not included in the actual caption . . . it [was] clear from the second page and the allegations in the complaint that [the plaintiff] intended for them to be defendants." *Id.* The court thus determined that, because those defendants were named in both actions, "the savings statute applies and the claims against these defendants are not barred by the statute of limitations." *Id.*

In another case, the Tenth Circuit held that a district court erroneously construed a pro se plaintiff's complaint to include only defendants specifically named in the caption, where the body of the complaint alleged numerous wrongs committed by the individual officials:

> [L]iberally construed, we read [the] complaint as also seeking to hold the New Mexico state and county officials identified in his narrative responsible for violating his constitutional rights. First, we note that the bulk of the complaint is devoted to listing the wrongs allegedly visited upon him by these state officials. . . . Based on the above, we hold that the district court erred by construing [the plaintiff's] *pro se* complaint strictly according to its caption and dismissing it under this construction because he named the United States as the sole defendant. Instead, 'look[ing] to the body of the complaint to determine who the intended and proper defendants are', [the plaintiff] clearly intended to include New Mexico state and county officials as defendants. . . . On remand, [the plaintiff] should be given an opportunity to amend his complaint to name the proper defendants.

*Sheridan v. United States*, 214 F. App'x 857, 859–60 (10th Cir. 2007) (unpublished) (internal citations omitted).

Federal district courts in Oklahoma have similarly construed complaints to include people who are not listed in the caption, but whose actions are alleged elsewhere in the complaint, as party defendants. *See, e.g., Kerchee v. Smith*, No. CIV-11-459-C, 2011 WL 4497778, at *1, n. 1, 2, 3 (W.D. Okla. July 6, 2011) (unpublished report and recommendation by then-magistrate judge Robert Bacharach) (construing the complaint to include as defendants three people whose names did not appear in the caption of the complaint, where their names and a short description of their conduct were included in the body of the complaint); *see generally Stout v. Okla. Dep't of Corrections*, 2012 WL 4470681 at n.12 (W.D. Okla. Aug. 24, 2012) ("When an individual is named in the body of a complaint but not in the caption, the court may construe the complaint to name that party as a defendant.").

Based on the foregoing, and particularly the similar facts presented in the *Williams v. City of Guthrie* case cited above, the Court will deny the dismissal motion of Officers Silver and McClintock to the extent that it is based upon the statute of limitations. While Tracewell's Complaint in the 2015 action included only the City of Bartlesville in the caption, he identified the individual officers by name throughout the Complaint, including under paragraph A.2, where he asserted that the defendant was "acting under color of law" because "Bartlesville police officers Glen Roy McClintock 5364 Sgt. S.O.T. and Steven Lynn Silver 7199 S.O.T. were on the clock at the time." (Doc. 7-1 at 1). Under "Nature of the Case," he alleged "police brutality, excessive force" and other actions that he attributed to officers McClintock and Silver throughout the Complaint. (*See id.* at 2-5). Accordingly, the Court will construe the 2015 action as inclusive of defendants Silver and McClintock, even though their names were not included in the caption.

5

Therefore, the Oklahoma savings statute applies to Tracewell's claims against Silver and McClintock, and those officers' motion to dismiss the claims against them in their individual capacities as time-barred is **denied**.

However, the individual officers' dismissal motion is **granted** as to the plaintiff's § 1983 claims against them in their official capacities, as those claims are the same as a suit against the municipality that employs the officers, and the City of Bartlesville is already a named defendant on the § 1983 claim.[5]

### The City of Bartlesville's Dismissal Motion

The City moves to dismiss Tracewell's claim against the City under the Oklahoma Constitution. (Doc. 5).[6] Plaintiff's claim is based on *Bosh v. Cherokee Cty. Bldg. Auth.*, 305 P.3d 994, 1001-02 (Okla. 2013). In *Bosh*, the court held that Article 2, § 30 of the Oklahoma Constitution provides a private cause of action for excessive force notwithstanding express exclusions in the Oklahoma Governmental Tort Claims Act (OGTCA) for claims arising out of the operation of prison facilities. *Id.* at 1001-02. The Oklahoma Supreme Court subsequently clarified its decision in *Bosh* and held that "a claim for excessive force against a municipality, as applied to police officers and other law enforcement personnel, may not be brought against a

---

[5] A claim against a government actor in his official capacity "is essentially another way of pleading an action against the county or municipality" he represents, and is considered under the standards applicable to 42 U.S.C. § 1983 claims against municipalities or counties. *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010); *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Lopez*, 172 F.3d at 762 ("[Plaintiff]'s suit against Sheriff LeMaster in his official capacity as sheriff is the equivalent of a suit against Jackson County, [Oklahoma]."). Plaintiff did not respond to the individual defendants' motion to dismiss the official capacity claims.

[6] The City's dismissal motion does not include any request to dismiss Tracewell's First Cause of Action, which asserts a federal claim against the defendants under § 1983. (Doc. 2; *see* Doc. 5).

municipality when a cause of action under the OGTCA is available." *Perry v. City of Norman*, 341 P.3d 689, 689 (Okla. 2014). The *Perry* court affirmed the dismissal of a *Bosh* claim against the City of Norman because the plaintiff had a remedy under the OGTCA and, because he did not seek relief for his injuries under the OGTCA, the trial court's dismissal was proper. *Id.* at 689, 693.

While Mr. Tracewell presents several arguments in an attempt to avoid the application of the *Perry* decision, the *Perry* case is largely indistinguishable as it applies to the state law excessive force claim presented by Tracewell in this case. Tracewell cannot avoid dismissal of his state claim against the City by merely alleging that Silver and McClintock were acting *outside* the scope of their employment, because the City may not be held liable under *respondeat superior* doctrine – under either the OGTCA or *Bosh* – unless the officers were acting *within* the scope of their employment. *See Okla. Stat.* tit. 51, § 153(A) (a governmental entity "shall not be liable under the [OGTCA] for any act or omission of an employee acting outside the scope of the employee's employment"); *Bosh*, 305 P.3d at 1004 ("The common law theory of *respondeat superior* applies to municipal liability under [a *Bosh* claim for violation of article 2, § 30 of the Oklahoma Constitution] to determine when an employee of a municipality uses excessive force within the scope of employment"). On the other hand, if the officers were acting within the scope of their employment, then Tracewell's exclusive state remedy against the City of Bartlesville was under the OGTCA, and dismissal is appropriate under *Perry* because Tracewell did not pursue any claim under the OGTCA. *See Perry*, 341 P.3d at 689, 693.

**Conclusion**

The Motion to Dismiss (Doc. 6) of defendants Steven Silver and Glen McClintock is **granted** with respect to the claims against them in their official capacities and is **denied** as to the

7

claims against them in their individual capacities. The City of Bartlesville's Motion to Dismiss (Doc. 5) plaintiff's state law cause of action (the Second Cause of Action in the Complaint) is **granted**.

Pursuant to Fed. R. Civ. P. 12(a)(4)(A), the defendants shall file their Answers within **14 days** of the filing of this Opinion and Order. The Court will forthwith enter an order requiring the parties to file a Joint Status Report. As a result, the City of Bartlesville's Motion for Status and/or Scheduling Conference (Doc. 12) is accordingly **moot**.

SO ORDERED this 5th day of January, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE